UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMES ADEYEMI,       *

    Plaintiff,       *

v.       *     Civil Action No.: GLR-21-2488

AMAZON.COM SERVICES LLC,       *

    Defendant.       *

**REPORT AND RECOMMENDATION**

Pending before the Court is a discovery dispute referred to a United States Magistrate Judge for resolution pursuant to 28 U.S.C. § 636. ECF Nos. 44 and 45. This report and recommendation addresses Plaintiff James Adeyemi's continuing failure to comply with discovery orders issued in connection with this dispute. For the reasons set forth below, I respectfully recommend that this Court dismiss this action with prejudice as a sanction under Federal Rule of Civil Procedure 37(b)(2).

**I.**     **Background**

Mr. Adeyemi, who is self-represented, initiated this action against Defendant Amazon.com Services, LLC (Amazon) on September 21, 2021, seeking damages and equitable relief under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, for alleged discrimination, retaliation, and wrongful termination. ECF No. 1. Thereafter, the Court issued a Scheduling Order (ECF No. 28) and a Standing Order on Discovery (ECF No. 28-2). The Standing Order on Discovery explained the parties' duties to read and comply with the Federal Rules of Civil Procedure and the Local Rules of this Court, and to "conduct discovery with accordance with the principles discussed therein." ECF No. 16 at ¶ 1. Further, the Standing Order on Discovery directed the parties to cooperate during discovery by providing complete and

non-evasive responses, and to be familiar with the sanctions that may be imposed for failure to comply. *Id.* at ¶ 3. Under the Court's initial Scheduling Order, discovery was set to close on July 11, 2023. ECF No. 28.

Discovery-related issues first came to the Court's attention in May 2023 through filings related to Mr. Adeyemi's motion for a change of venue.[1] ECF Nos. 40-1, 41, and 61. In June 2023, Amazon sought leave to file a motion to compel Mr. Adeyemi to provide complete discovery responses and schedule his deposition pursuant to the Standing Order on Discovery. ECF Nos. 42 and 43. On June 27, 2023, the Honorable George L. Russell, III, referred the discovery dispute to a Magistrate Judge for resolution. ECF Nos. 44 and 45. In Amazon's filings regarding the discovery dispute, it asserted that a portion of Mr. Adeyemi's written discovery responses were incomplete and that he refused to schedule his deposition. ECF Nos. 42-43, 48, and 52. In his filings, Mr. Adeyemi alleged that Amazon has refused to provide witness statements and a video recording.[2] ECF Nos. 41 and 55.

Before a Magistrate Judge could resolve the discovery dispute, Mr. Adeyemi filed a motion opposing the referral (ECF No. 46) and an interlocutory appeal challenging the discovery referral (ECF No. 49), which was subsequently dismissed (ECF No. 57).[3] The Court stayed the Scheduling Order deadlines pending resolution of the appeal and indicated that the dispute would

---

[1] On December 18, 2023, the Court denied Mr. Adeyemi's motion to transfer venue from the Northern Division to the Southern Division of this District (ECF No. 59), and on December 29, 2023, Mr. Adeyemi filed a motion that appears to ask the Court to reconsider that ruling (ECF No. 60).

[2] Additional details concerning this dispute are set forth in Letter Orders issued on January 5 and 24, 2024. ECF Nos. 61 and 71.

[3] Mr. Adeyemi argued in his motion challenging the discovery referral (ECF No. 49) that the discovery dispute referral order was improper because, among other things, Mr. Adeyemi's motion to change venue (ECF No. 37) was pending before the presiding judge. ECF No. 59.

be referred back to a Magistrate Judge following resolution of the appeal.  ECF No. 53.  The discovery dispute was reassigned to the undersigned on December 12, 2023.  The United States Court of Appeals for the Fourth Circuit issued its mandate the next day.  ECF No. 58.

In an effort to resolve the referred discovery dispute the undersigned held a videoconference with Mr. Adeyemi, counsel for Amazon, and an interpreter on December 28, 2023.  ECF No. 61.  As the conference was underway, Mr. Adeyemi disconnected.[4]  *Id.*  When the Court could not contact Mr. Adeyemi, it scheduled a continuation of the videoconference for the following day.  *Id.*  Mr. Adeyemi indicated via email that he was unavailable on that date.  *Id.*  The Court rescheduled the continuation of the videoconference for January 3, 2024, but Mr. Adeyemi responded via email that he did not want to attend the conference.[5]  *Id.*

Faced with Mr. Adeyemi's unwillingness to discuss the matters in dispute via videoconference, on January 5, 2024, the undersigned ordered the parties to identify in writing which discovery responses they believed to be incomplete.  *Id.*  The undersigned further ordered Amazon to provide any discovery request(s) it received regarding witness statements and a video recording and its corresponding response(s) and Mr. Adeyemi to identify "no fewer than three (3) dates in the month of January when he is available to be deposed."  *Id*. at 5.  This Letter Order further advised the parties that failure to comply with a discovery order could result in the imposition of the full range of sanctions available under Rule 37(b)(2).  *Id.* at 4.

---

[4] Mr. Adeyemi initially indicated via email that he had internet connectivity issues during the videoconference.  However, he subsequently stated in a court filing that after the undersigned "declared that [he] MUST APPEAR for deposition," he "could not ATTEND the discovery Conference on ZOOM ANYMORE" and so he "completed [his] withdrawal from the discovery conference."  ECF No. 80 at 2 (emphasis in original).

[5] According to Amazon's July 11, 2023 status report, Mr. Adeyemi informed the previously assigned Magistrate Judge that he did not want to participate in a conference because he did not want to continue his case in the Northern Division.  ECF No. 52 at 1.

The parties filed timely responses to the January 5 Letter Order (ECF Nos. 62 and 65). Mr. Adeyemi did not, however, identify dates for his deposition. In his responsive filing, he stated that he "disagree[d]" and "object[ed]" to providing dates for his deposition because the Honorable George L. Russell, III, "granted [his] motion stating that deposition is not needed because Amazon did [a] complete investigation." ECF No. 62 at 5. The undersigned reviewed the docket and could not identify any such motion or order. Other reasons Mr. Adeyemi proffered for refusing to identify dates for his deposition include that Amazon must first provide witness statements and the video recording that Mr. Adeyemi claims Amazon is withholding; that his motion for a change of venue is pending; and that if he is deposed, Amazon will file for, and the Court will grant, summary judgment in Amazon's favor. ECF No. 62 at 5. The undersigned previously advised Mr. Adeyemi that, unless otherwise stipulated or ordered by the Court, methods of discovery may be used in any sequence; that absent a court order to the contrary, the existence of a discovery dispute as to one matter does not justify delay in taking other discovery; and that the pendency of what appears to be a motion for reconsideration of the Court's ruling on Mr. Adeyemi's motion to change venue (ECF No. 60) has no effect on this discovery dispute. ECF Nos. 61, 71, and 79.

The undersigned reviewed the parties' discovery responses that were alleged to be defective and issued a second Letter Order on January 24, 2024. ECF No. 71. This Letter Order directed the parties to review and supplement a portion of the challenged discovery responses. In particular, the undersigned ordered Amazon to supplement its response to Mr. Adeyemi's request for the production of the video recording to provide additional details regarding the preservation, loss, and attempted recovery of the video recording. *Id.* The January 24 Letter Order also detailed steps for scheduling Mr. Adeyemi's deposition, requiring Amazon to identify at least three dates in February 2024; requiring Mr. Adeyemi to select a date; requiring Amazon to notice

Mr. Adeyemi's deposition; and ordering Mr. Adeyemi to appear at the properly noticed time and place. *Id.* Mr. Adeyemi was further advised that if he failed to comply with this Letter Order, the undersigned would "immediately issue an Order to Show Cause as to why the undersigned should not recommend that the presiding judge impose sanctions under Rule 37(b)(2)—including striking pleadings in whole or part, dismissing the action in whole or part, and/or ordering that Mr. Adeyemi pay reasonable expenses and attorney's fees caused by his failure to comply." *Id.* at 9-10.

The following day, Mr. Adeyemi filed a response to the January 24 Letter Order in which he asserted, among other things, that he "will not honor the order" and "will not comply with *the* unfair order which violated [his] right to discovery." ECF No. 72 (emphasis in original).[6] Mr. Adeyemi later filed a second timely response to the January 24 Letter Order, although he did not meaningfully supplement his discovery responses as directed. ECF No. 73. For example, Mr. Adeyemi was ordered to supplement his response to Amazon's Interrogatory No. 6, which requested information about his efforts to obtain employment or earn income following his separation from Amazon. ECF No. 65. Mr. Adeyemi previously identified, without specifics, attempts to secure employment with FedEx and unidentified federal and state agencies, and reported that he worked for a two delivery services. ECF No. 65 (collecting Mr. Adeyemi's

---

[6] In this filing Mr. Adeyemi also took issue with the fact that the Amazon was not ordered to produce witness reports and was allowed "to avoid producing the video without penalties." ECF No. 72 at 1-2. Based on the parties' submissions, the undersigned previously found that "Amazon produced 20 pages of witness statements and investigative reports that relate to the incident that resulted in Mr. Adeyemi's termination," and that "Amazon also voluntarily produced a 41-page document that was not responsive to Mr. Adeyemi's discovery requests but contained information about interviews Amazon Human Resources personnel conducted with individuals who Mr. Adeyemi indicated he wanted to depose." ECF No. 71 at 5. As noted above, the January 24 Letter Order directed Amazon to provide a more fulsome response regarding loss of the video recording Mr. Adeyemi has alleged, without particularity, that Amazon is hiding. *Id.*

previous responses). Mr. Adeyemi's supplemental response following the January 24 Letter Order was "I already told you in an email that I drove a car for pickup food order for Uber and Roadie." ECF No. 74 at 1.

Mr. Adeyemi's supplemental responses to Amazon's document requests were similarly lacking. For example, Mr. Adeyemi was also ordered to supplement his response to Amazon's Request for Production of Documents No. 12, which requested documents relating to his income following his separation from Amazon. ECF No. 65. Mr. Adeyemi's previous responses asserted that Amazon could request the information from the Internal Revenue Service or Social Security Administration and that Amazon was not authorized to demand this information from him. ECF No. 65 (collecting Mr. Adeyemi's previous responses). In his supplemental response following issuance of the January 24 Letter Order, Mr. Adeyemi stated that he "did not keep record in the documents" and that he "trashed them all." ECF No. 73 at 3.

Regarding Mr. Adeyemi's deposition, Amazon timely identified three dates on which it was available to depose Mr. Adeyemi. ECF No. 74. Mr. Adeyemi did not, however, select a date for his deposition by the ordered deadline. Accordingly, on February 6, 2024, a hearing was scheduled for Mr. Adeyemi to show cause as to why the undersigned should not recommend that Judge Russell dismiss this action as a Rule 37(b)(2) sanction for Mr. Adeyemi's recurring failures to comply with discovery orders. ECF No. 76. The following day, Mr. Adeyemi moved for withdrawal from the discovery conference asserting, among other things, that he "could not enter the building where [he] ha[d] not been given a fair trial for all [of his] cases" and that he "must stay away from the court for [a] lifetime." ECF No. 77 at 4. The undersigned denied the

6

motion via a written Order issued on February 9, 2024.[7]  ECF No. 79.  Due to the limited availability of a necessary interpreter, this Order also rescheduled the show cause hearing to February 16, 2024, and changed the location from in-person at the Courthouse to videoconference.  *Id.*  The February 9 Order again advised Mr. Adeyemi that "if he fails to appear for the show cause hearing or otherwise fails to comply with discovery orders, without further notice or proceedings, the undersigned will recommend that the presiding judge dismiss this action as a sanction under Rule 37(b)(2)."  *Id.* at 4.

On February 15, 2024, Mr. Adeyemi filed a response to the February 9 Order in which he stated, among other things, that he could not "join the online conference because it did not work well for" him and that he "decline[d] with honest apology to join the ZOOM tomorrow."  ECF No. 80 at 1 and 3.  Mr. Adeyemi further stated that the show cause hearing was inappropriate because of his pending motion for a change in venue mentioned previously and because he had already been deposed by Amazon's former counsel.  ECF No. 80.

The undersigned held a show cause hearing on February 16, 2024, which only counsel for Amazon and an interpreter attended.  Mr. Adeyemi did not appear as directed by the Court.  During the hearing, counsel for Amazon represented that former counsel had held a Rule 26 conference with Mr. Adeyemi, but it had not deposed Mr. Adeyemi, nor had it received any additional communications from Mr. Adeyemi about the scheduling of his or any other depositions.

---

[7] The February 9 Order also denied Mr. Adeyemi's motion for a default judgment (ECF No. 75), which the undersigned construed as a motion for Rule 37 discovery sanctions because Mr. Adeyemi had not met the requirements for such sanctions.  ECF No. 79.

**II.     Discussion**

Under Federal Rule of Civil Procedure 37(b)(2)(A), the Court has wide discretion to issue an order imposing sanctions for violation of a discovery order. *Mut. Fed. Sav. & Loan Ass'n* v. *Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Available sanctions under this rule include "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Courts in the Fourth Circuit have found that a party's failure to respond to interrogatories or respond to court orders requiring appearance at a deposition can properly result in dismissal or default. *Proctor* v. *Charlestown Cmty., Inc.*, No. CV GLR-22-1365, 2023 WL 8478903, at *3 (D. Md. Dec. 7, 2023); *accord Franklin* v. *Tri-Cnty. Council for the Lower E. Shore of Maryland*, No. ELH-15-786, 2016 WL 3653966, at *3 (D. Md. July 8, 2016); *Green* v. *John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C.), *aff'd*, 165 F.3d 18 (4th Cir. 1998); *Robinson* v. *Morgan*, 160 F.R.D. 665, 666 (E.D.N.C. 1995); *Robinson* v. *Yellow Freight Sys.*, 132 F.R.D. 424, 429 (W.D.N.C. 1990).

When invoking the sanction of dismissal or default, the Court's "range of discretion is more narrow" because of the competing need to enforce discovery orders and to protect "the party's rights to a trial by jury and a fair day in court." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92. Accordingly, the Court must engage in a four-part analysis to determine whether such a sanction is warranted, examining: "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Id.* In addition, the Fourth Circuit requires that the district court provide an "explicit and clear" warning to the noncomplying party before dismissing a case with prejudice. *Malhotra* v. *KCI Techs., Inc.*, 240 F. App'x 588, 590 (4th Cir. 2007). The undersigned respectfully recommends

8

that each of these factors weighs in favor in the sanction of dismissal and that Mr. Adeyemi had multiple "explicit and clear" warnings that such a sanction would be imposed.

### A. Bad Faith

Although Mr. Adeyemi is self-represented, he nevertheless is responsible for performing all duties the Federal Rules of Civil Procedure and the Local Rules of this Court impose upon counsel. Local Rule 101.1(a). Similarly, Mr. Adeyemi's *pro se* status does not entitle him to disregard his duty to provide full and complete discovery, prosecute the action he initiated, and abide by court orders. *Francis* v. *Com. of Va.*, 940 F.2d 652 (4th Cir. 1991) ("Even pro se litigants have a responsibility . . . to follow the court's orders."); *Ballard* v. *Carlson*, 882 F.2d 93, 96 (4th Cir. 1989) ("Pro se litigants are entitled to some deference from courts . . . [b]ut they as well as other litigants are subject to . . . respect for court orders without which effective judicial administration would be impossible."). In evaluating the appropriate sanction in this action for violation of discovery orders, it is worth noting that Mr. Adeyemi is self-represented, but not unfamiliar with civil litigation. A search of this Court's Case Management/Electronic Case Filing system reveals that in this District alone Mr. Adeyemi has been a party to 14 actions, 13 of which he initiated as plaintiff.[8] ECF No. 71 at 6. Mr. Adeyemi is therefore familiar with the governing Federal and Local Rules.

Yet, Mr. Adeyemi has consistently ignored these rules and court orders related to discovery. First, Mr. Adeyemi refused to engage with the Magistrate Judge initially assigned to this dispute in June 2023. Second, when Mr. Adeyemi's appeal of the Magistrate Judge referral was denied and the undersigned engaged with the parties to resolve the dispute, Mr. Adeyemi disconnected from the December 28, 2023 videoconference convened to address the issues in

---

[8] The Court may take judicial notice of its own records. *Anderson* v. *Fed. Deposit Ins. Corp.*, 918 F.2d 1139, 1141 (4th Cir. 1990).

9

dispute. Third, he subsequently refused to attend the continuation of the video conference. Fourth, Mr. Adeyemi did not identify dates for his deposition as required by the January 5 Letter Order. Fifth, Mr. Adeyemi did not select a date for his deposition as required by the January 24 Letter Order. Sixth, Mr. Adeyemi did not meaningfully supplement his deficient discovery responses as required by the January 24 Letter Order. Finally, Mr. Adeyemi did not appear for the show cause hearing as ordered. Mr. Adeyemi's demonstrated pattern of recalcitrance and disregard for orders governing the conduct of discovery can only be characterized as bad faith. *E.g.*, *Proctor*, 2023 WL 8478903, at *4 (finding that plaintiff's "repeated failures to comply with the Rules and Court Orders show that she acted in bad faith and abandoned her duty to prosecute her case"); *see also Robertson* v. *DECO Sec., Inc.*, No. WDQ-09-3093, 2010 WL 3781951, at *4 (D. Md. Sept. 22, 2010) ("noncompliance with discovery orders supports a finding of bad faith").

### B. Material Prejudice

Mr. Adeyemi's failure to produce discovery and sit for his deposition has resulted in material prejudice to Amazon, which has been significantly limited in its ability to defend itself in this action. As discussed in the January 5 Letter Order, the core factual issue in this action is the reason for Mr. Adeyemi's termination from his employment with Amazon. ECF No. 61. Without Mr. Adeyemi's deposition, Amazon's ability to effectively counter Mr. Adeyemi's allegations of discrimination, retaliation, and wrongful termination, whether by a dispositive pretrial motion or at trial, is hampered. Mr. Adeyemi's incomplete written discovery responses also impair Amazon's ability to assess and defend against a potential damage award. Mr. Adeyemi has unquestionably caused Amazon prejudice by his failure to comply with his discovery obligations and court orders regarding discovery. *E.g.*, *Middlebrooks* v. *Sebelius*, No. CIV. PJM 04-2792, 2009 WL 2514111, at *2 (D. Md. Aug. 13, 2009) (finding that "continuous

failure to attend deposition sessions, coupled with [ ] continuous failure to respond to document requests and interrogatories, combine[d] to warrant dismissal").

Mr. Adeyemi's obstructionist behavior has also significantly prolonged this litigation and consumed the Court's time and resources.  As noted, when this discovery dispute was first referred to a Magistrate Judge, discovery was set to close on July 11, 2023.  More than seven months later, there has still been no progress with respect to Mr. Adeyemi's deposition and minimal, if any, progress with respect to the completeness of Mr. Adeyemi's deficient written discovery responses.  Moreover, Mr. Adeyemi's dilatory conduct and disrespectful language towards Amazon, as reflected in his filings (*e.g.*, ECF No. 80 at 2) and as summarized in Amazon's filings (*e.g.*, ECF Nos. 42, 43, and 65), has resulted in "additional prejudice in the form of added expenses, aggravation, and delay."  *Robertson* v. *DECO Sec., Inc.*, No. WDQ-09-3093, 2010 WL 3781951, at *5 (D. Md. Sept. 22, 2010); *see also Want* v. *Bulldog Fed. Credit Union*, No. 1:19-CV-02827-JMC, 2021 WL 2589808, at *4 (D. Md. June 24, 2021) ("This Court expects all litigants, including pro se litigants, to conduct themselves with civility and decorum, both in their filings with the Court and communications with each other, and to litigate in good faith.") (internal quotation marks and citation omitted).

Additionally, Mr. Adeyemi's noncompliance with discovery orders has frustrated and delayed resolution of this action on the merits.  Amazon has indicated that it intends to file a motion for summary judgment (ECF No. 52), which it cannot do until discovery closes.  In his filings, Mr. Adeyemi has acknowledged that he has deliberately delayed his deposition because he does not want Amazon's motion for summary judgment to be decided while this action is pending in the Northern Division.  ECF No. 46 at 2 ("I have no doubt that as soon as after the defendant deposes me, then the defendant might submit a motion of summary judgment quickly before I could depose his clients since the very judge would grant the defendant's motion

11

INSTANTLY.") (emphasis in original); ECF No. 62 at 5 ("If I give a date to get depos[ed], the defendant will . . . fil[e] a motion [for] summary judgment and then the motion would be granted."); ECF No. 77 at 3 ("I could not provide three prospective dates for my deposition, which *I did not disobey the order.* I was delaying for the magistrate's response.") (emphasis in original). The Court has denied Mr. Adeyemi's motion for a change of venue. ECF No. 59. Mr. Adeyemi cannot be permitted to hamstring Amazon's ability to defend itself in this action—which he himself initiated in the Northern Division—because he disagrees with the Court's ruling regarding transfer to the Southern Division. Discovery in this action must be completed regardless of whether it is pending in the Northern or Southern Division of this District.

### C.   Need for Deterrence

Through his actions, inaction, and filings, Mr. Adeyemi has demonstrated that he views directives of the Court as optional requests. *E.g.*, ECF No. 62 at 5 (indicating that Mr. Adeyemi "disagree[d]" and "object[ed]" to the undersigned's "request[ ]" that he provide three dates on which he was available for a deposition); ECF No. 72 at 2 ("I want to make clear that I will not honor the order and I will not comply with *the* unfair order which violated my right to discovery.") (emphasis in original). Mr. Adeyemi's flagrant disregard for the Court's orders indicates a strong need for deterrence. *E.g. Mackin* v. *Charles Schwab & Co.*, No. CV DKC 16-3923, 2019 WL 2058788, at *3 (D. Md. May 9, 2019). This is even more so considering the number of actions Mr. Adeyemi has initiated in this District.

### D.   Effectiveness of Other Sanctions

No sanction other than dismissal would be effective in securing Mr. Adeyemi's compliance. The Court granted Mr. Adeyemi's motion for leave to proceed *in forma pauperis* at the outset of this case. ECF No. 4. A review of the motion in support of this status reveals that Mr. Adeyemi has limited financial resources. ECF No. 2. Monetary sanctions are therefore

unlikely to secure compliance and may be more onerous than dismissal without prejudice. *E.g.*, *Parks* v. *Huff*, 955 F.2d 42 (4th Cir. 1992) (finding that "monetary sanctions would have been of doubtful utility" against a party proceeding *in forma pauperis*); *Tim Cheng-Chien Chang* v. *Burford*, 803 F.2d 714 (4th Cir. 1986) (noting that "sanctions such as the imposition of costs and attorney's fees likely would have been more severe than dismissal without prejudice" due to plaintiff's limited financial means).

Further court orders are unlikely to be effective given Mr. Adeyemi's previous disregard of multiple discovery orders coupled with statements indicating that he views compliance with such orders as optional. Mr. Adeyemi's disregard of discovery orders after having been warned of dismissal as a possible sanction for his failure to comply underscores the need for a more severe sanction. *E.g.*, *Horsley* v. *FQSR, LLC*, No. 8:20-CV-03241-PX, 2022 WL 16746701, at *7 (D. Md. Nov. 7, 2022) (plaintiff's refusal to heed court orders after being warned of dismissal as a possible sanction supported a finding that any sanction less drastic than dismissal would be inadequate).

Dismissal without prejudice is a less drastic sanction than dismissal with prejudice, which the Fourth Circuit has cautioned "is a harsh sanction which should not be invoked lightly." *Chandler Leasing Corp.* v. *Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (internal quotation marks and citation omitted). The relevant inquiry, however, is not whether there is a less drastic sanction available. Instead, the question is "whether or not a lesser sanction is *feasible and appropriate* in view of the history of each case and the plaintiff's conduct." *Zaczek* v. *Fauquier Cnty., Va.*, 764 F. Supp. 1071, 1078 (E.D. Va. 1991), *aff'd*, 16 F.3d 414 (4th Cir. 1993) (emphasis in original). Dismissal without prejudice in this action would reward Mr. Adeyemi's failure to comply with discovery orders in this case. As noted, one of Mr. Adeyemi's asserted reasons for failing to comply with discovery orders is the pendency of what appears to be a

motion to reconsider the denial of his motion to transfer venue from the Northern Division to the Southern Division (ECF No. 60).  ECF Nos. 62, 72, 77, and 80.  Dismissal of this action without prejudice will provide an opportunity for Mr. Adeyemi to refile the action in his desired forum, thus allowing him the opportunity to try to achieve through violations of discovery orders what he could not achieve through his motion practice.[9]  Mr. Adeyemi should not be allowed to profit from his recalcitrance in this manner.

Moreover, Mr. Adeyemi's repeated failures to comply with discovery orders after being repeatedly warned of the consequences warrant dismissal with prejudice.  *Tam Anh Pham* v. *Deutsche Bank Nat. Tr. Co.*, 583 F. App'x 216, 217 (4th Cir. 2014) ("Where a litigant has ignored an express warning that noncompliance with a court order will result in dismissal, the district court should dismiss the case."); *see also Chu* v. *Great N. Ins. Co.*, No. 10-CV-1422-RWT, 2013 WL 4541606, at *2-4 (D. Md. Aug. 26, 2013) (holding that dismissal with prejudice was warranted when the plaintiff refused to adhere to court orders regarding the scheduling of plaintiff's deposition and requiring responses to written discovery requests).

### E.     Explicit and Clear Warnings

Finally, dismissal is appropriate because Mr. Adeyemi was repeatedly warned of this potential outcome if he failed to comply with discovery orders.  First, the Standing Order on Discovery explained Mr. Adeyemi's duty to be familiar with the Federal and Local Rules governing discovery, including sanctions for failure to fulfill discovery obligations.  Second, the January 5 Letter Order advised Mr. Adeyemi that failure to comply with a discovery order could

---

[9] The Court denied Mr. Adeyemi's motion to transfer venue (ECF No. 37) because, among other things, Amazon did not consent to transfer and Mr. Adeyemi did not demonstrate that he could have filed this case in the Southern Division initially.  ECF No. 59 at 3 ("Adeyemi has not shown that he could have originally brought this action in the Southern division when no Defendants resided in the Southern Division and the events at issue took place only in the Northern Division."); *see also* 28 U.S.C. § 1404(a).

result in sanctions and outlined all the possible sanctions enumerated in the rule.  ECF No. 61 at 4.  Third, the January 24 Letter Order warned Mr. Adeyemi that failure to comply with its directives would result in the undersigned scheduling a hearing for Mr. Adeyemi to show cause as to why sanctions—including dismissal—should not be recommended to the presiding judge.  ECF No. 71 at 9-10.  Fourth, on February 6, 2024, a paperless order required that Mr. Adeyemi show cause as to why the undersigned should not recommend that the presiding judge dismiss the action as a Rule 37(b)(2) sanction for recurring failures to comply with discovery orders.  ECF No. 76.  Fifth, the February 9 Order again warned Mr. Adeyemi that if he failed to appear for the show cause hearing or otherwise comply with discovery orders the undersigned would, without further notice of proceedings, recommend that the presiding judge dismiss this action as a Rule 37(b)(2) sanction.  ECF No. 79 at 4.

Mr. Adeyemi had ample notice that the consequence of failing to comply with discovery orders would be dismissal of this action.  Mr. Adeyemi's refusal to heed court orders after being presented with these repeated warnings "represents bad faith and callous disregard for the authority of the district court and the Rules," which the Fourth Circuit has said warrant "the extreme sanction of dismissal."  *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.

### III.  Conclusion

I respectfully recommend that the Court dismiss this action with prejudice due to Mr. Adeyemi's repeated failure to comply with discovery orders issued by this Court.

Any objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5.b.

Date:  February 23, 2024                           /s/
                                            Erin Aslan
                                            United States Magistrate Judge